UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOHN CYRIO** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-4289** |
| **LT. CORBERT HUNT, LT. VERNON SMITH, LT. WADE RIGDON, SGT. OZELIA SPIKER, SGT. JOHN ODOM** | **SECTION "I"(4)** |

## REPORT AND RECOMMENDATION

On June 30, 2008, the *pro se* plaintiff, John Cyrio, filed a **Motion for Summary Judgment (Rec. Doc. No. 48)**. In the motion, Cyrio seeks summary judgment based on other pleadings already in the record and his testimony at the *Spears* Hearing. Through the attachments, he also addresses issues challenging unspecified disciplinary proceedings at the jail. The Court has already denied Cyrio's motion to amend which included these claims. The challenges to the disciplinary proceedings are not part of this litigation and warrant no further comment.

The motion, along with the entire case, was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2) and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and (2)**. The Court has determined that these matters can be resolved without an evidentiary hearing.

I.      **Factual Background**

Cyrio filed this suit pursuant to Title 42 U.S.C. § 1983 against Lieutenant Corbert Hunt, Lieutenant Vernon Smith, Lieutenant Wade Rigdon, Sergeant Ozelia Spikes (erroneously named as "Spiker"), and Sergeant John Odom. In the original complaint in this case, as modified by his testimony at the *Spears* Hearing,[1] Cyrio seeks monetary damages as a result of the defendants' alleged use of excessive force against him on March 14, 2006, while being escorted within the prison.

Cyrio alleges that Lieutenant Smith went to his dorm and instructed him to go outside, face the wall, and put his hands behind his back. Cyrio claims that when he arrived on the yard, Lieutenant Rigdon was already there. He further claims that Smith ordered him to his knees and Rigdon began punching him in the face. Rigdon allegedly asked Cyrio why he was complaining about Sergeant Spikes. Cyrio denied saying anything about Spikes. Cyrio claims that the officers shackled his feet and told him to lay on his stomach. He contends that, during this time, Rigdon applied a pressure hold on him behind his right ear.

Cyrio complains that the officers then picked him up and escorted him out the door, where they met up with Lieutenant Hunt. He claims that Hunt and Rigdon began dragging him backwards up the sidewalk, causing him to scrape his legs. He further states that, as they approached the Sun Unit, Hunt, Smith, and Rigdon punched and kicked him and slammed him to the ground.

According to Cyrio, while he was being beaten, Hunt told him that he would tell the prison officials that Cyrio had spit on him. Cyrio states that the officers pressed a beeper, an apparent distress signal, and Sergeant Odom arrived and began kicking him too. He claims that Hunt and

---

[1]On September 18, 2006, the undersigned Magistrate Judge conducted a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). Rec. Doc. No. 11.

Rigdon then dragged him to lock down. While there, according to Cyrio, while they were removing his shackles, one of the officers pulled his boxers shorts down and kicked him in the rear.

He also alleges that Smith and Rigdon returned later to handcuff him. Smith then sprayed him with pepper spray. He was taken to see Sergeant Stewart, the EMT. Cyrio claims that he told Stewart what happened and Smith called Stewart away to speak with him in private. When they returned, Cyrio claims that he asked to be placed on suicide watch. Smith and Hunt took him to a suicide watch cell where his social worker, Ms. Span, was waiting to see him. The officers made him kneel in front of her to talk to her. When he told her what happened, the officers laughed and called him names. Smith and the others put him in the cell, took off his handcuffs and gave him a paper gown to wear.

Cyrio further testified that the officers pursued several disciplinary charges against him. Although he did not receive copies of the disciplinary reports, he recalled being charged with violations of Rules 3, 5, and 17. He stated that, to the best of his knowledge, these charges were for aggravated disobedience and property destruction. He testified that he appeared before the disciplinary board but that he did not have a disciplinary hearing. He acknowledged that he was found guilty of all of the disciplinary charges and was sentenced to a loss of 180 days of good time credits. Cyrio stated that he did not seek review of the disciplinary findings because he does not read that well.

Cyrio seeks $500,000.00 in monetary damages and transfer to another institution. Cyrio also seeks proper medical attention as part of his relief, although he has not alleged a medical indifference claim.

## II.     **Standard of Review of a Motion for Summary Judgment**

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Fields v. City of Southern Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991). The Court's task is not to resolve disputed issues of fact, but to determine whether there exists any factual issues to be tried. *See Andersen v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-49 (1986). In making this determination, all of the facts must be viewed in the light most favorable to the non-moving party. *Id.* at 248.

The moving party bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Once the moving party carries its burden of proving that there is no material factual dispute, the burden shifts to the nonmovant "to show that summary judgment should not lie." *Hopper v. Frank*, 16 F.3d 92, 96 (5th Cir. 1994). While the court must consider the evidence with all reasonable inferences in the light most favorable to the nonmovant, the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial. *See Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). This requires the nonmoving party to do "more than simply show that there is some metaphysical doubt as to the material facts." *Id.*

Instead, the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue of fact for trial." *Celotex Corp*, 477 U.S. at 324. If the record

taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.  *See Szabo v. Errisson*, 68 F.3d 940, 942 (5th Cir. 1995); *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1085 (5th Cir. 1994).

**III.    Analysis**

In the instant motion, Cyrio alleges that certain pleadings and his *Spears* Hearing testimony establish that he was in full restraints when he was injured by defendants and that none of the officers were treated for injuries.  Under a broad reading, he presumably is asserting that this somehow proves the excessiveness of the force used by the officers' to restrain him so as to entitle him to relief by summary judgment.  Cyrio has not filed any supporting affidavits or other competent evidence to establish any of the facts of his case.  He merely references representations made by counsel in the defendants' prior Motion to Dismiss (Rec. Doc. No. 15), his own unsworn statements in the pleading entitled "Pretrial Status Report" (Rec. Doc. No. 42), and his sworn statements at the *Spears* Hearing.

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[a] party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim." The rule further provides that the motion may be filed at any time after "20 days have passed from commencement of the action." *Id*.  The plaintiff's motion, without supporting affidavits, was filed on June 30, 2008, well over 20 days after the complaint was filed.

Although the motion is technically proper under Rule 56, district courts are permitted to dismiss a motion for summary judgment without prejudice if it is filed before any party answers. *Kuperman v. ICF International*, 2008 WL 647557 at *1 (E.D. La. Mar. 5, 2008) (Barbier, J.) (*citing* 10A Charles Alan Wright, et al., Federal Practice and Procedure § 2717, at 298-99 (1998)); *Wartsila*

5

*v. Duke Capital LLC*, 2007 WL 2274403 (S.D. Tex. Aug. 8, 2007). Deferring the ruling on a motion for summary judgment filed before parties have answered is appropriate where the district court finds that the motion is premature. *Id.*; *see also*, *Matini v. Reliance Standard Life Ins. Co.*, 2005 WL 2739030 (E.D. Va. Oct. 24, 2005); *First Am. Bank, N.A. v. United Equity Corp.*, 89 F.R.D. 81, 87 (D.D.C. 1981). A district court ". . . must not grant a summary judgment upon motion therefor tendered before the service of an answer, unless in the situation presented, it appears to a certainty that no answer which the adverse party might properly serve could present a genuine issue of fact." *Stuart Inv. Co. v. Westinghouse Elec. Corp.*, 11 F.R.D. 277, 280 (D. Neb. 1951). In light of the previously filed motion to dismiss, referenced by the plaintiff, the Court can not draw the conclusion that the defendants' answer will not raise defenses and assert issues of fact with Cyrio's allegations.

None of the defendants have filed an answer in this case, an issue being separately pursued by the Court. Based on the record before the Court, it appears that such an answer would interpose defenses to the plaintiffs' claims and create issues of fact different from those asserted by the plaintiff. The Court finds that Cyrio's motion is premature.

Even if the defendants' should answer while this Report and Recommendation is pending review of the District Judge, Cyrio has failed to present adequate evidence under Fed. R. Civ. P. 56 that would entitle him to summary judgment. The fact that Cyrio was wearing restraints during part of the altercation with the correctional officers' did not prove, or disprove, the extent or necessity of any force used to restrain him. The pleadings and testimony referred to require credibility determinations which are not appropriate for summary judgment.

For the foregoing reasons, the Court finds that Cyrio's motion is premature and otherwise unsupported, leaving genuine issues of fact to be resolved.

**IV.     Recommendation**

It is therefore **RECOMMENDED** that Cyrio's **Motion for Summary Judgment (Rec. Doc. No. 48)** be **DENIED** without prejudice as premature.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 23rd day of July, 2008.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**