# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOHN CYRIO** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-4289** |
| **CORBERT HUNT, ET AL.** | **SECTION "I"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2) and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and (2)**. Upon review of the record, the Court determined that this matter can be disposed of without an Evidentiary Hearing.

## I. Factual Summary

The Plaintiff, John Cyrio ("Cyrio"), was an inmate incarcerated at Washington Correctional Institute ("WCI") at the time of the filing of this *pro se* and *in forma pauperis* Complaint pursuant to Title 42 U.S.C. § 1983. Cyrio filed this suit against Lt. Corbert Hunt, Lt. Vernon Smith, Lt. Wade Rigdon, Sgt. Ozelia Spiker, and Sgt. John Odom, claiming he was beaten and seeking damages in the amount of $500,000.00, along with a "transfer to another institution and proper medical attention."[1]

---

[1] Rec. doc. 1, p. 4.

## II. Procedural Background

Cyrio filed the instant action on July 31, 2006.[2] Approximately two years later, several pleadings mailed to Cyrio at WCI were returned as undeliverable with the notation, "No Longer At WCI."[3] The Court later confirmed that Cyrio had been released from custody, a forwarding address was obtained, and the Court, on February 9, 2009, issued an Order re-setting a scheduling conference in the above-captioned action and ordering Cyrio to "provide in writing a telephone number where he can be reached for the conference call no later than ten (10) days from the signing of this Order." Further, the Court advised: "FAILURE TO COMPLY WITH THIS ORDER MAY RESULT IN DISMISSAL WITHOUT FURTHER NOTICE."[4]

The Court's February 9, 2009 Order has not been returned as undeliverable. Nevertheless, Cyrio has provided no response informing the Court of a telephone number where he can be reached for purposes of participating in the scheduled conference.

## III. Analysis

Rule 41(b) of the Federal Rules of Civil Procedure specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. A Rule 41(b) dismissal is considered an adjudication on the merits. FED.R.CIV.P. 41(b). In determining whether to dismiss a claim, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, has been responsible for any delay or failure to comply with a rule or order. *See, e.g.*, *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382 (5th Cir.

---

[2] Rec. doc. 1. In the *pro se* prisoner context, the date when prison officials receive the complaint for delivery to the court is considered the time of filing for limitations purposes. *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995); *see also Thompson v. Raspberry*, 993 F.2d 513, 515 (5th Cir. 1993) (pro se prisoner's objection to a report and recommendation deemed filed when given to prison officials for mailing). In this case, the Clerk of Court filed Cyrio's complaint on August 18, 2006, when the pauper application was granted. Cyrio signed his complaint on July 31, 2006. This is the earliest date on which he could have delivered the complaint to prison officials for mailing..

[3] Rec. docs. 50, 51 and 52.

[4] Rec. doc. 62.

1978); *Ramsay v. Bailey*, 531 F.2d 706 (5th Cir. 1976). In this case, the plaintiff is without counsel and is responsible for the prosecution of his case.

The record shows that Cyrio has failed to comply with the Court's February 9, 2009 Order. Further, Cyrio failed to notify the Court of his change of address following his release from prison. The change of address information was obtained by the Court from prison officials after Cyrio's mail was returned to the Court. Cyrio was made aware of his obligation to keep the Court informed of his whereabouts as reflected on page six of his Complaint, where he signed the Plaintiff's Declaration on July 31, 2006.

Based upon Cyrio's failure to comply with this Court's February 9, 2009 Order and failure to keep the Court informed of his whereabouts, dismissal of his Complaint is proper under Rule 41(b) and the rules of this Court for failure to prosecute this case.

**IV.     Recommendation**

It is therefore **RECOMMENDED** that Cyrio's complaint brought pursuant to Title 42 U.S.C. § 1983 be **DISMISSED WITH PREJUDICE** for failure to prosecute under Fed. R. Civ. P. 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 13th day of March, 2009.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**